# IN RE STANDARD OIL COMPANY.

TRADEMARKS; APPEAL AND ERROR; JURISDICTION.

1. The right of appeal granted by sec. 9 of the trademark act of 1905 is statutory, and must be confined to the express terms of the statute.

2. A court cannot, merely by the form of pleading, be given jurisdiction of a subject otherwise foreign to its jurisdiction.

3. The term "applicant for registration," as used in sec. 9 of the trademark act of 1905, 33 Stat. at L. 727, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1463, which provides, among other things, "that if an applicant for registration of a trademark, or a party to an interference as to a trademark, or a party who has filed opposition to the registration of a trademark, or party to an application for the cancelation of the registration of a trademark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the court of appeals of the District of Columbia," means an original applicant, and not one merely seeking a renewal.

No. 806. Patent Appeals. Submitted November 15, 1912. Decided January 6, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for the renewal of the registration of a trademark.     *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Archibald Cox, Mr. William Wallace White, Mr. Alfred M. Houghton,* and *Mr. Robert W. Byerly* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents declining

to renew the registration of appellant's trademark for refined petroleum, consisting of the words "White Rose," originally registered September 27, 1881.

The right of renewal of registration is claimed under sec. 12 of the Trademark act of 1905, which provides: "That a certificate of registration shall remain in force for twenty years, except that in the case of trademarks previously registered in a foreign country such certificates shall cease to be in force on the day on which the trademark ceases to be protected in such foreign country, and shall in no case remain in force more than twenty years, unless renewed. Certificates of registration may be, for time to time, renewed for like periods on payment of the renewal fees required by this act, upon request of the registrant, his legal representatives, or transferees of record in the Patent Office; and such request may be made at any time not more than six months prior to the expiration of the period for which the certificates of registration were issued or renewed. Certificates of registration in force at the date at which this act takes effect shall remain in force for the period for which they were issued, but shall be renewable on the same conditions and for the same periods as certificates issued under the provisions of this act, and when so renewed shall have the same force and effect as certificates issued under this act." [33 Stat. at L. 727, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1464.]

It is insisted by counsel for appellant that though its application is in the form of an application for original registration, it should be treated as a request for renewal; in other words, that an applicant for a renewal is only required to present a request to the Commissioner of Patents, accompanied by a fee of $10. The Commissioner held that an application for renewal is subject to all the objections which may be interposed to an original application. An interpretation of this provision of the Trademark act is sought by this appeal.

At the outset we are confronted with a question of jurisdiction, which, we think, disposes of this case. Sec. 9 of the Trademark act of 1905 provides, among other things, "that if an applicant for registration of a trademark, or a party to an inter-

ference as to a trademark, or a party who has filed opposition to the registration of a trademark, or party to an application for the cancelation of the registration of a trademark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the court of appeals of the District of Columbia."

The right of appeal here granted is statutory, and must be confined to the express terms of the statute. It will be observed that this is not an appeal by an applicant for registration, or by a party to an interference, or in an opposition proceeding, or for the cancelation of registration. It is for an entirely different purpose, the renewal of a registration already in existence for twenty years. The term in the appeal section, "applicant for registration," clearly means an original applicant, and not one merely seeking a renewal.

It is contended on behalf of applicant that inasmuch as the application here is in the form of an original application, it is sufficient to give us jurisdiction to construe the act and review the decision of the Commissioner. The argument is specious, in that it suggests that a court, merely by the form of pleading, may be given jurisdiction of a subject otherwise foreign to its jurisdiction. Looking through the form in which this matter was presented in the Patent Office, we find the subject-matter to be a request for the renewal of registration, and it matters not whether it be called an application or a mere request, the object sought is the same.

This construction of sec. 9 is emphasized by the language employed by Congress in the preceding section of the act granting appeals to the Commissioner, which reads as follows: "That every applicant for the registration of a trademark or for the renewal of the registration of a trademark, which application is refused, or a party to an interference against whom a decision has been rendered, or a party who has filed a notice of opposition as to a trademark, may appeal from the decision of the examiner in charge of trademarks, or the examiner in charge of interferences, as the case may be, to the Commissioner in person, having once paid the fee for such appeal." Thus, the right of appeal to the Commissioner is carried on to this court,

except where it is "for the renewal of the registration of a trademark." As to this, the right of appeal stops with the Commissioner. Congress, we think, properly has differentiated between an applicant for registration and an applicant for renewal. Hence, with this distinction established, an applicant for renewal is not embraced within any class to whom the right of appeal to this court has been granted.

The appeal is dismissed. *Dismissed.*